

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 2, 1947

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas                    Opinion No. V-444

Re: Authority of tax col-
lector to accept par-
tial payment of taxes
on property not listed
on tax roll when tax-
payer applies to as-
certain amount of taxes
before November 30th
of the year for which
assessment should have
been made.

Dear Sir:

        Your letter of November 13, 1947, poses the fol-
lowing question:

        "Where a taxpayer applies to a tax col-
lector to pay his taxes before November 30
of the year for which his assessment should
have been made and finds that his property
does not appear on the tax roll, is the tax
collector required then and there to assess
and collect the total tax due on the property
of the taxpayer or is he authorized to accept
one-half of the taxes imposed by law on the
tax-payer and give the taxpayer until the 30th
day of the succeeding June within which to pay
the other one-half of his said taxes?"

        Article 7209, V.C.S., reads, in part, as follows:

        "Collectors of taxes of counties, cities
and towns, when any taxpayer applies to them
to ascertain the amount of his taxes, and the
collector finds that his name or his property
does not appear on the tax roll, shall assess
said taxpayer then and there, collect the tax-
es and enter the same upon a supplemental tax

roll to be made by him. . . ."   (Emphasis
added throughout this opinion)

Article 7336, V.C.S., provides that "if any
person shall pay, on or before November thirtieth of
the year for which their assessment is made, one-half
($\frac{1}{2}$) of the taxes imposed by law on him or his property,
then he shall have until and including the thirtieth
day of the succeeding June, within which to pay the
other one-half ($\frac{1}{2}$) of his said taxes without penalty or
interest thereon."   Otherwise, "unless he pays all of
the taxes (imposed by law on him or his property), on
or before the thirty-first day of the succeeding January,"
penalties in fixed percentages varying according to
stated periods accrue.

Any question as to the collector's authority to
accept the partial payments authorized by Article 7336
under the situation contemplated by Article 7209 arises,
of course, from the language in Article 7209 to the effect
that the collector "shall . . . collect the taxes" with
the resulting implication, particularly in view of the use
of the word "shall", that he must collect all the taxes.
However, the terms of Article 7336 are equally mandatory in
that it is provided that after payment of one-half of the
taxes, etc., the taxpayer "shall have . . . until and in-
cluding the thirtieth day of the succeeding June . . ." in
which to pay the balance.  Although there are no cases con-
struing these two articles together, a brief examination
of their history and an application of well settled rules
of statutory construction have led us to the conclusion
that the collector is not only authorized to accept such
partial payment but indeed is under a duty to accept same.

Article 7209 was originally enacted in 1895.  See
Acts 1895, p. 103; G.L. vol. 10, p. 833.  Article 7336 was
amended to provide for partial payment of taxes in 1931.
See Acts 1931, 42nd Leg., p. 196, ch. 117.  It is elemen-
tary that statutes in pari materia, i.e., on the same sub-
ject (in this case the collection of taxes), must be con-
strued with reference to each other; and "if one construc-
tion or the other is necessary to prevent conflict with
other statutes, that construction which is consistent with
legislative intent will be adopted."  Sutherland, Statutory
Construction, § 5817; § 6710.  There can be no question but
that the Legislature by the later of these enactments in-
tended that all taxpayers be given the opportunity to pay
their taxes in the manner provided in Article 7336.

The provisions of Article 7209, which are primarily concerned with providing for the procedure to be followed when property has been omitted from the rolls, could not logically be viewed as establishing a different rule for the taxpayer, who, through no fault of his own, chanced to come within its terms. Indeed, to deny such taxpayer the opportunity for partial payment provided by Article 7336 would be in contravention of the fundamental constitutional guarantee of equal protection of the laws, and would result in invalidating Article 7209. It is "constantly asserted by the courts that every presumption favors the validity of an act of the legislature and that all doubts must be resolved in support of the act." Sutherland Statutory Construction, § 4509 and authorities cited therein.

You are therefore advised that the collector should proceed to assess the tax in this case in accordance with the provisions of Article 7209 and that he must further accept the payment of one-half (½) of the tax thus imposed and that the taxpayer "shall have until and including the thirtieth day of the succeeding June, within which to pay the other one-half (½) of his said taxes without penalty or interest thereon."

### SUMMARY

When a taxpayer applies to a tax collector to pay his taxes before November 30th of the year for which his assessment should have been made and finds that his property does not appear on the tax roll, the tax collector is required to then and there assess the total tax due on the property and to accept, if tendered, one-half of the taxes imposed by law on the taxpayer or his property for that year; and the taxpayer shall have until and including the 30th day of the succeeding June, within which to pay the other one-half (½) of his taxes for said year without penalty or interest thereon. Articles 7209, 7336, V.C.S.; Sutherland, Statutory Construction, §§ 5817; 6710; 4509.

Yours very truly

APPROVED

ATTORNEY GENERAL OF TEXAS

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Marietta Creel*

Mrs. Marietta Creel

Assistant

MC/lh